UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT ANDERSON,

    Plaintiff,

v.                                      CASE NO: 2:14-cv-355-FtM-38DNF

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

    Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Defendant, Carolyn W. Colvin, Acting Commissioner of Social Security's Amended Motion for Remand Under Sentence Six of 42 U.S.C. § 405(g) (Doc. #12) filed on October 2, 2014. Pursuant to M.D. Fla. Local Rule 3.01(g), Defendant conferred with Plaintiff who opposed the requested remand. On October 7, 2014, Plaintiff filed his Response Objecting to Commissioner's Motion to Remand to Commissioner of Social Security. (Doc. #14). This matter is now ripe for review.

On November 30, 2012, the Administrative Law Judge (ALJ) in this case issued an unfavorable decision which denied Plaintiff disability benefits. After the unfavorable decision, Plaintiff filed the instant action on June 26, 2014, seeking judicial review of the

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

ALJ's decision. (Doc. #1). On October 2, 2014, Defendant filed an Amended Motion (Doc. #12) to which Plaintiff filed his Response (Doc. #14) on October 7, 2014.

In the Amended Motion, Defendant moves this Court to remand this case under Sentence Six of 42 U.S.C. § 405(g) because the ALJ "relied on evidence from another claimant…." (Doc. #12 at 2). Defendant argues the ALJ's reliance on the wrong evidence is sufficient good cause to remand the case to the Commissioner. (Doc. #12 at 2).

Plaintiff responds that the case should be remanded under Sentence Four of 42 U.S.C. § 405(g) not Sentence Six because Defendant fails to plead sufficient grounds for good cause. (Doc. #14 at 2). Plaintiff alleges the ALJ's reliance on the other individual's record was harmless error and "omitting" the information would not change the outcome. (Doc. #14 at 3). Plaintiff states Defendant's Motion under Sentence Six "is inconsistent with the relief sought by Plaintiff." (Doc. #14 at 3). Plaintiff alleges he requested an award of benefits which this Court would have the power to give him under a Sentence Four reversal or at least a rehearing under Sentence Four remand. (Doc. #14 at 4).

42 U.S.C. § 405(g) and § 1383(c)(3) of the Social Security Act give Sentence Six which is at issue here:

> The Court may, on motion of the Commissioner made for good cause shown before he files his answer, remand the case to the Commissioner for further action by the Commissioner.

(Doc. #12 at 2). Sentence Six "allows for a remand in two instances: 1) for good cause shown before the Commissioner answers for further action; or 2) at any time where new, material evidence exists and there is good cause for failing to incorporate the

2

evidence into the prior proceedings." Garcia v. Comm'r of Soc. Sec., 6:10-cv-1063, 2010 WL 5209333 (M.D. Fla. Nov. 4, 2010) report and recommendation adopted, 6:10-CV-1063, 2010 WL 5209331 (M.D. Fla. Dec. 16, 2010).

At issue in this case is whether or not good cause exists to remand the case back to the Commissioner under sentence six of § 405(g). Both parties agree the Administrative Law Judge reviewed another person's information when making the determination regarding Plaintiff's case. (Doc. #12 at 2); (Doc. #14 at 2). Good cause exists when an Administrative Law Judge reviews the record of a different individual in making his determination of a plaintiff's case. See McClean v. Astrue, 5:11-cv-665-OC-TBS, 2012 WL 1325248 (M.D. Fla. Apr. 17, 2012) (holding that remanding under Sentence Six for good cause is appropriate when the record contains another individual's information which was evaluated in considering plaintiff's case). Thus good cause exists in this case. Furthermore, the Commissioner filed the instant Motion (Doc. #12) before filing an answer. (Doc. #12 at 1).

Since good cause exists, and the Commissioner filed this Motion before filing an answer to the Complaint, the Commissioner's motion to remand will be granted. See Melkonyan v. Sullivan, 501 U.S. 89, 100, 111 S. Ct. 2157, 2164, 115 L. Ed. 2d 78, n. 2 (1991) (noting that "sentence six… authorizes the district court to remand on motion by the Secretary made before the Secretary has filed a response in the action.); McClean, 2012 WL 1325248 *1.

Accordingly, it is now

**ORDERED:**

3

Defendant, Carolyn W. Colvin, Acting Commissioner of Social Security's Amended Motion for Remand Under Sentence Six of 42 U.S.C. § 405(g) (Doc. #12) is **GRANTED** and the case is **REMANDED.**

1. The Administrative Law Judge shall take the proper administrative action and review the proper record.

2. Because this cause is remanded pursuant to Sentence Six of 42 U.S.C. § 405(g), the Court shall retain jurisdiction in this matter.

3. The Commissioner shall inform the Court in writing every ninety (90) days of the progress of the remand process.

4. The Clerk shall administratively close the file and withhold entry of a final judgment in this case.

**DONE** and **ORDERED** in Fort Myers, Florida this 14th day of October, 2014.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record