UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT ANDERSON,

       Plaintiff,

v.                                          Case No:  2:14-cv-355-FtM-38MRM

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Plaintiff Robert Anderson's ("Anderson") Petition and Memorandum in Support for Reasonable Attorney Fees pursuant to 42 U.S.C. § 406(b) filed on March 28, 2017.  (Doc. 20).  Defendant Commissioner of Social Security ("Commissioner") filed a Response on May 12, 2017.  (Doc. 28).  Anderson filed a Reply on June 2, 2017.  (Doc 31).  This matter is now ripe for review.

### BACKGROUND

Anderson filed an initial Title II application for disability on January 26, 2011.  (Doc. 14-1 at 4).  He retained counsel to represent him the following March.  (Doc. 20 at 3).  His application was twice denied.  (Doc. 14-1 at 4).  Following a hearing, the Administrative

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Law Judge ("ALJ") issued a Notice of Unfavorable Decision. (Doc. 14-1 at 4). Anderson then filed a Complaint against Commissioner in this Court. (Doc. 1). In response, Commissioner moved to remand the case back to the Administrative Law Judge under Sentence Six of 42 U.S.C. § 405(g) because the ALJ relied on evidence from another claimant. (Doc. 12). Anderson opposed the remand, stating the Commissioner did not show "good cause." (Doc. 14 at 4). The case was remanded. (Doc. 15). Following a hearing, the ALJ found Anderson fully disabled, and Anderson was awarded $75,282.00 in past-due Social Security disability benefits. (Doc. 20-1).

Anderson's counsel now seeks reasonable attorney's fees under 42 U.S.C. § 406(b) in the amount of $18,820.50, which represents the full 25 percent of Anderson's past-due Social Security disability benefits. (Doc. 20). But, in truth, Anderson's counsel seeks $12,820.50 because the Social Security Administration previously withheld $6,000 to pay her. (Doc. 31). The Commissioner objects to counsel's Petition. (Doc. 28).

Anderson's counsel argues that the fee is reasonable because she and Anderson entered into a contingency agreement, and the agreement should be given primacy. (Doc. 20 at 4, 6). She states that a contingency fee, by nature, must be higher than a regular hourly fee, due to the inherent risk of loss involved. (Doc. 20 at 7). Further, Anderson's counsel reasons that she is highly skilled and there was a favorable outcome. (Doc. 20 at 12, 14). Finally, she states that she caused no delay, and the fee is reasonable.[2] (Docs. 31 at 2; 20 at 3). On the other hand, Commissioner argues that the award was not reasonable and requests a reduction. (Doc. 28 at 2, 5). Commissioner

---

[2] Anderson's counsel is requesting $18,820.50 less $6,000 in administrative fees already paid. (Doc. 20 at 4). The result is $12,820.50 for 10.9 hours of work done at the federal court level. (Doc. 20 at 4, 14). A full award would result in $1,176.19 per hour.

asserts that Anderson's counsel provides no justification for such an excessive fee. (Doc. 28 at 4). While the Commissioner agrees that Anderson's counsel is entitled to attorney's fees, a favorable outcome in itself does not "warrant payment of three times a reasonable and customary hourly rate." (Doc. 28 at 4-5).

## DISCUSSION

The issue is whether $12,820.50 is a reasonable fee under 42 U.S.C. § 406(b). When a favorable judgment is issued for the claimant in a Social Security Case, a court may allow a fee for representation before the court by an attorney. 42 U.S.C. § 406(b)(1)(A). This fee must not exceed 25 percent of the total past-due benefits to which the claimant is entitled. *Id.* Further, it may be certified by the Commissioner of Social Security, and it must be "reasonable." *Id.* In assessing whether a 42 U.S.C. § 406(b) fee is reasonable, the Supreme Court held that use of the lodestar method was inappropriate. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). It instead focused on contingent-fee agreements and whether those agreements produced reasonable fees. *Id.* at 808. The Supreme Court called for courts to conduct an independent review to assure reasonability. *Id.* at 807. The claimant's attorney must show that the fee requested is "reasonable for the services rendered." *Id.*

The *Gisbrecht* court provided a framework to for fee determinations. *Id.* at 808. Courts must first look at the contingent-fee agreements and then test the arrangement for reasonableness. *Id.* In assessing reasonability of a fee, and as long as the fee requested is "not in excess of 25 percent of accrued benefits," the claiming attorney was not "responsible for delay," and the benefits are "not large in comparison to the amount of time counsel spent on the case," the fee assessed is reasonable. *Id.* at 808. Here, the

only contested issue is whether the fee is large in comparison to the amount of time counsel spent on the case. Or, in other words, whether awarding the full 25 percent to Anderson's counsel will result in a windfall.

The Supreme Court held that "if benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Id.* A record of the hours spent in representation and the normal hourly billing charge for non-contingent fee cases may be required. *Id.* The Fifth Circuit held that *Gisbrecht* forbids exclusive reliance on attorney hours and an hourly rate to determine reasonability, but it does not preclude a court from taking them into consideration. *Jeter v. Astrue*, 622 F.3d 371, 382 (5th Cir. 2010). To do so would require judges to "blind themselves to a factor the Supreme Court has clearly deemed worthy of consideration." *Id.* The Sixth Circuit similarly held that a district court should consider the effectively hourly rate as one relevant factor. *Lasley v. Comm'r of Soc. Sec*, 771 F.3d 308, 310 (6th Cir. 2014).

Which factors are relevant is left to the discretion of the courts. The Supreme Court stated, "[j]udges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review." *Gisbrecht*, 535 U.S. at 808. The Fifth Circuit stated that district courts are in a better position to determine what factors are relevant in considering whether the success of a claim before their court can be attributed to the attorney's work. *Jeter*, 622 F.3d at 381. Factors commonly considered are the risk the attorney assumes in agreeing to represent a social security case, whether or not a compromise was offered by the attorney in accepting a fee less than 25 percent, the experience of the attorney in representing Social Security cases, the

complexity of the case, and the quality of work presented by the attorney including length and substance of written product.[3]  This Court will address the relevant factors below.

**1. Risk**

All Social Security cases involve risk when accepted under contingency-fee contracts.  *Pearce v. Astrue*, 532 F. Supp. 2d 1367, 1370 (M.D. Fla. 2008).  However, courts have found that increasing a fee based on risk depends on when representation of the claimant commences.  For example, where the attorney was not contacted by the claimant until after the Commissioner had issued a second denial of benefits, the court found that the attorney took a substantial risk of loss.  *Jones v. Astrue*, 533 F. Supp. 2d 1206, 1211 (M.D. Fla. 2007).  But, when representation occurs early on, the attorney is "fully aware of the strengths and weaknesses from the beginning," and the risk is "not so great." *Pearce*, 532 F. Supp. 2d at 1370.

Anderson asserted representation began in March 2011.  (Doc. 20 at 3).  The claim was "denied initially on May 13, 2011." (Doc. 14-1 at 4).  Because Anderson retained his attorney prior to his initial denial of Social Security benefits, his counsel was able to properly ascertain the strengths and weaknesses of the case.  Because the risk is not greater than a typical Social Security case, a higher-than-normal hourly rate is not justified.

---

[3] *Cf. Ugorek v. Astrue*, No. 3:04-CV-1119-J-TEM, 2008 WL 169737, at *5 (M.D. Fla. Jan. 17, 2008) (attorney expertise, attorney's work on the case, hours spent in representation, complexity, and risk); *Watterson v. Astrue*, No. 3:06-CV-369-J-HTS, 2008 WL 783634, (M.D. Fla. Mar. 21, 2008) (discussing complexity, persuasiveness of advocate); *Vilkas v. Comm'r of Soc. Sec.*, No. 2:03CV687FTM-29DNF, 2007 WL 1498115, at *2 (M.D. Fla. May 14, 2007) (discussing compromise); *Davis v. Astrue*, 533 F. Supp. 2d 1212, 1217 (M.D. Fla. 2007) (discussing lawyer experience, quality of work product, complexity, and risk).

### 2. Compromise in fee by representing counsel

Some courts justify a higher-than-normal hourly rate in a Social Security fee when a compromise has been made by the claimant's counsel. For example, a district court in the Sixth Circuit held that when a lawyer "has made some offer to compromise her fee," it aids in the argument that a higher fee should be awarded without finding the rate is a windfall. *Tibbetts v. Comm'r of Soc. Sec.*, No. 1:12-CV-894, 2015 WL 1637414, at *5 (S.D. Ohio Apr. 13, 2015). In another case, a Middle District of Florida court approved $6,170.25 for 5.5 hours of work because it represented only 5 percent of the claimant's retroactive benefits and a significant reduction from the fee agreement.[4] *Vilkas v. Comm'r of Soc. Sec.*, No. 2:03-CV-687-FTM-29DNF, 2007 WL 1498115, at *2, 5 (M.D. Fla. May 14, 2007).

Here, Anderson's counsel originally requested $18,820.50 in total attorney fees. (Doc. 20 at 1). This represents a full 25 percent of the past-due benefits. (Doc. 20 at 1). It is also the maximum amount allowed under statute. 42 U.S.C. § 406(b). Anderson's counsel and Commissioner were ordered to confer on the reasonableness of the Petition. (Doc. 26). Following this meeting, Commissioner objected to the fee because it was unreasonable. (Doc. 28 at 2). Anderson's counsel maintains that she is entitled to the full $18,820.50 in attorney fees and offers no compromise. (Docs. 31 at 3; 28 at 2). Therefore, compromise cannot be used as justification for a higher-than-normal fee.

### 3. Level of attorney experience

---

[4] The contingent fee agreement states that the parties "agreed that counsel may charge 25% of the retroactive benefits." *Vilkas v. Comm'r of Soc. Sec.*, No. 2:03CV687FTM-29DNF, 2007 WL 1498115, at *1 (M.D. Fla. May 14, 2007). A full 25 percent in this case represented $30,322.00. *Id.* at *2.

A higher attorney fee can be justified where the attorney is experienced in the field of Social Security. For instance, one court specifically stated that an experienced lawyer may have to spend less time on a case. *Gorgoglione v. Comm'r of Soc. Sec.*, No. 8:13-CV-953-T-33-TBS, 2015 WL 2094909, at *4 (M.D. Fla. May 5, 2015). It reasoned, "the low number of hours . . . spent on the case may have as much to do with his experience and expertise as it does with the facts of the case." *Id.* However, another court limited the attorney's fees, despite Social Security being one of the primary areas of counsel's law practice, because the court had to consider other factors particular to the case. *Ugorek v. Astrue*, No. 3:04-CV-1119-J-TEM, 2008 WL 169737, at *5 (M.D. Fla. Jan. 17, 2008).

According to the evidence provided by Anderson's counsel, the case was handled by two attorneys. (Doc. 20-4). The first, Carol Avard, spent 3.2 hours advocating for Anderson. *Id.* She is highly skilled and has specialized in Social Security cases for 30 years. (Doc. 20 at 12-15). The second, Mark Zakhvatayev, spent 7.7 hours advocating for Anderson. (Doc. 20-4). No evidence was presented as to Zakhvatayev's skill level or specialization. Because the Court cannot determine the skill level or expertise for a majority of the work conducted on behalf of Anderson, it cannot justify a higher fee because of attorney experience.

### 4. Complexity of the case

Where a case is particularly complex, a higher-than-normal fee is justified. A case involving a claimant with extensive medical history can be considered complex enough for an increased fee. *Presley v. Comm'r of Soc. Sec.*, No. 6:12-CV-1849-ORL, 2015 WL 4170579, at *6 (M.D. Fla. July 9, 2015). In contrast, where a case was not "overly difficult,

7

time consuming, or complex," a reduction was necessary to prevent an unreasonable award. *Ugorek*, 2008 WL 169737, at *5 (M.D. Fla. Jan. 17, 2008). When a case is "not novel or complex" and requires only "modest lawyering skills," a higher fee is not justified. *Bryan v. Colvin*, No. 3:08-CV-432-J-34MCR, 2014 WL 6827277, at *1 (M.D. Fla. Dec. 3, 2014).

Here, Anderson was found disabled after remand. (Doc. 19). This Court granted remand under Sentence Six of 42 U.S.C. 405(g) because the ALJ reviewed records from another claimant. (Doc. 15). The issues were not novel or complex. Therefore, complexity will not justify a higher-than-normal rate in this case.

**5. Quality of work**

Where an attorney was "extraordinarily diligent in pursuing" the case for her client, a higher attorney fee was justified as being reasonable. *Wysocki v. Comm'r of Soc. Sec.*, No. 6:06-CV-225-ORL-KRS, 2008 WL 1897601 at *4 (M.D. Fla. Apr. 28, 2008). For example, a twenty-page, fact specific complaint that avoids boiler-plate recitation of Social Security law, helped justify the requested attorney fee. *Jones*, 533 F. Supp. 2d at 1211. Alternatively, when the attorney filed a two-page boilerplate complaint, a twenty-page brief, and a ten-page reply, a downward adjustment was in in order. *Thomas v. Astrue*, No. 5:06-CV-6, 2010 WL 339787, at *3 (M.D. Fla. Jan. 21, 2010).

Here, Anderson submitted two documents, the Complaint and a response to the Commissioner's motion for remand, which objected to remand, before the instant Petition. (Docs. 1, 14). The Complaint was three pages long. (Doc. 1). It stated the Appeals Council erred in denying review. (Doc. 1 at 2). However, it provided no substantial proof of error other than "plaintiff suffers from impairments of such severity and duration as to

8

constitute disability." (Doc. 1 at 3). In fact, other than Anderson's name and a few other details, there was no information within the document that pointed that this complaint was unique to Anderson. (Doc. 1 at 2-3). Anderson's response was five pages long and focused on preventing remand. (Doc. 14). It was specific to Anderson and his case. (Doc. 14). Its preparation and review took eight hours, which was a substantial portion of the total time spent on Anderson's case. (Doc. 20-4). The remand ultimately led to a favorable decision. (Doc. 19). Because the Complaint provided scant information specific to Anderson, and because there is no evidence that the Response aided the ALJ in a favorable finding, a higher-than-normal fee is not justified.

## CONCLUSION

Based on the Court's analysis of the reasonableness of the fee, a downward adjustment is in order. Courts have found that "an hourly rate range of $200 to $250 is reasonable." *See e.g. Sanfilippo v. Comm'r of Soc. Sec.*, No. 8:04-CV-2079-T-27MSS, 2008 WL 1957836, at *4 (M.D. Fla. May 5, 2008, aff'd No. 08-14203, WL 1532039 (11th Cir. June 3, 2009). Further, courts have held that awarding attorneys of up to 2.5 times the non-contingent hourly rate "adequately compensates attorneys for the risk they assumed in representing claimants on a contingency basis." *See e.g. Davis v. Astrue*, 533 F. Supp. 2d 1212, 1219 (M.D. Fla. 2007). A multiplier of 2.25 is more applicable when taking into consideration a case that lacks complexity. *Ugorek*, 2008 WL 169737, at *5.

Considering the contingent fee agreement, the reasonableness of the fee, and the factors set forth above, a reasonable fee of $200 per hour as well as employment of a

2.25 multiplier is in order. Applying the fee and multiplier to counsel's 10.9 hours, this Court finds that a total of $4,905.00 in 42 U.S.C. § 406(b) fees is reasonable.

Accordingly, it is now

**ORDERED:**

Plaintiff Robert Anderson's Petition and Memorandum in Support for Reasonable Attorney Fees (Doc. 20) is **GRANTED in part and DENIED in part**.

1. Robert Anderson's counsel is awarded compensatory fees under 42 U.S.C. § 406(b) in the amount of $4,905.00.

2. As counsel holds in trust $18,820.50 in fees paid by both the Social Security Administration and Anderson, counsel may keep $6,000 awarded previously and $4,905.00 in 42 U.S.C. § 406(b) fees, but is directed to refund $7,915.50 to Plaintiff Robert Anderson.

**DONE** and **ORDERED** in Fort Myers, Florida this 17th day of July, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record